OPINION
This is an accelerated appeal from an award of attorney fees pursuant to R.C. 1345.09(F)(2) of the Consumer Sales Practices Act ("CSPA").
The underlying action which resulted in the award of attorney fees is as follows. Appellees, Jeffrey and Carol Budner, executed a contract with appellant, Ted Watt, d.b.a. Lake Erie Homes, for excavation, grading, and building of a pre-manufactured home on a foundation built by appellant. Appellees sued appellant alleging violations of the CSPA, R.C. 1345.01,et. seq., including breach of contract, breach of implied warranty, and fraud. After a bench trial, appellees were awarded judgment in the amount of $44,709.19, which was paid in full. The magistrate's judgment entry, which was adopted by the court, provides that damages were awarded for: the difference between what appellees paid and the value of the home that they received, amounting to $43, 857.19; $1 nominal damages for the loss of the use of their home; $350 for the cost of graveling the driveway, for which appellant's conduct was an unfair and unconscionable act under R.C. 1245.02 and 1345.03; and, $510 for installation of air conditioning and $1 nominal damages for failure to install a working furnace, for which appellant's conduct was an unfair and unconscionable act under R.C. 1245.02 and 1345.03.
Subsequently, appellees moved for both prejudgment interest and attorney fees. A hearing was held on August 21, 2000. On August 28, 2000, the magistrate denied appellees' request for prejudgment interest, but awarded attorney fees in the amount of $13, 413.83. Appellant filed objections to the magistrate's decision. On September 21, 2000, the court adopted the magistrate's decision. Appellant assigns the following as error:
 "[1.] The Trial Court erred in awarding the Plaintiffs [sic] attorney fees in the amount of $13,413.83."
 Appellant argues that: the court only awarded $861 for violations of R.C. 1345.02 and 1345.03; the court should have separated appellees' claims and awarded attorney fees based only on the amount of time spent pursuing a claim for which fees may be awarded; and, the crux of appellees' claim was breach of contract, for which attorney fees may not be awarded, not being a violation of the CSPA.
Appellees contend that the amount of attorney fees awarded was reasonable and that because appellant has not provided a transcript of the hearing on attorney fees, this court must presume the regularity of the trial proceedings. Additionally, they assert that the amount of attorney fees awarded pursuant to R.C. 1345.09(F), does not have to bear a direct relationship to the dollar amount recovered.
At the outset of our analysis, we note that appellees' cause of action, which was captioned as a "complaint under section 1345.01 et seq. of the Ohio Revised Code and for damages, " contains claims for breach of contract which also constitute violations of the CSPA, thus, the claims are based on the same core facts. The trial court found that appellant had knowingly committed violations of the CSPA and awarded damages. Specifically, the magistrate's June 7, 2000 report, which was adopted by the court, contains the following determination.
 "Defendant's acts were knowing violations of the Consumer Sales Practices Act, and an unfair, deceptive, and unconscionable consumer practice, as those terms are used in R.C. 1345.02(A) and 1345.03. As Plaintiffs have proven that Defendant knowingly committed numerous violations of R.C. 1345.02(A) and 1345.03, the award of attorney fees to Plaintiffs is appropriate."
 Upon review, we also conclude that appellant's performance was so egregious, that it falls within the purview of the CSPA.
The sole issue before this court is whether the amount of the award of attorney fees was reasonable. In determining whether the award was reasonable, we must first look to R.C. 1345.09(F)(2) of the CSPA, which provides, in relevant part that: "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." R.C. 1345.09(F)(2). In Bittner v.Tri-County Toyota, Inc., (1991), 58 Ohio St.3d 143, syllabus, the Supreme Court of Ohio held: "[w]hen awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B)." Bittner, 58 Ohio St.3d at 145. "These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent."Id. at 146-147.
Additionally, where claims can be separated into claims for which attorney fees are recoverable and claims for which no fees are recoverable, the trial court shall only award fees for the amount of time spent pursuing claims for which a fee may be awarded. Id. at 145.
The trial court's determination of a reasonable amount of attorney fees should not be reversed absent a showing that the court abused its discretion. Id. at 146, 467. Thus, "unless the amount of fees is so high or low as to shock the conscience, an appellate court will not interfere." Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985),23 Ohio App.3d 85, 91.
Upon review of the record, we conclude that appellees' breach of contract claims are not distinct and separable from their CSPA claims, thus, in the instant case it was permissible for the trial court to award attorney fees based on the total amount of time spent on all claims. In support of all their claims, appellees alleged that their manufactured home was placed upon a basement foundation which had an extensive water problem, that the home and the foundation were not joined in a workmanlike manner, that appellant failed to install the air conditioning, a working furnace, and gravel the driveway, in knowing violation of the CSPA. Appellees' claims are not distinct or separable; they arise from a common core of facts. Because appellees' "claims presented a common core of facts and related legal theories, we conclude that it was permissible for the trial court to treat the total number of hours expended on all claims as reasonably expended hours." Parker v. I F Insulation Co., Inc.,
(1998), Hamilton App. No. C-960602, unreported, 1998, WL 144510 at *6.
In the instant case, no transcript of the hearing on attorney fees was presented to this court. The magistrate's judgment entry, which was adopted by the court, reveals that the basis for the amount awarded by the court was the court's determination that: "Plaintiffs' attorney charged an hourly rate of $150.00 per hour, which is reasonable based upon the complexities of this case and his background, experience, and expertise. The reasonable amount of the fees charged in this matter amounted to $13,413.83." Thus, the judgment entry reflects that the court comported with Bittner, supra. Additionally, since no transcript was provided, we must presume the regularity of the proceedings below. See, e.g., State of Ohio v. Plough (2001), Portage App. No. 99-P-0029, unreported LEXIS 2571, at *10.
Based on the foregoing, the judgment of the trial court is affirmed.
JUDGE ROBERT A. NADER, O'NEILL, P.J., GRENDELL, J., concur.